# IN THE U.S. DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **ANGELA GOWER, individually and as administrator of the Estate of Lowell E. Gower Jr.,** *et al*.<br>c/o John T. Pfleiderer, Esq.<br>190 N. Union Street, Ste. 201<br>Akron, OH 44304<br><br>      Plaintiffs,<br><br>    -vs.-<br><br>**CITY OF MASSILLON, OHIO**<br>c/o Justin W. Richard, Law Director<br>2 James Duncan Plaza, Ste. 1<br>Massillon, OH 44646<br><br>  and<br><br>**JASON SAINTENOY, CHIEF OF POLICE CITY OF MASSILLON**<br>2 James Duncan Plaza, Ste. 1<br>Massillon, OH 44646<br><br>  and<br><br>**JOHN DOE OFFICERS 1, 2, 3, 4, 5**<br>2 James Duncan Plaza, Ste. 1<br>Massillon, OH 44646<br><br>  and<br><br>**JOHN DOE SUPERVISOR**<br>2 James Duncan Plaza, Ste. 1<br>Massillon, OH 44646<br><br>      Defendants. | **CASE NO.:** 5:24-CV-1139<br><br>**JUDGE:**<br><br><br>**COMPLAINT**<br>POLICE BRUTALITY<br>EXCESSIVE FORCE<br>WRONGFUL DEATH<br>WITHHOLDING PUBLIC RECORDS<br><br><br>**(JURY DEMAND ENDORSED HEREIN)** |

## INTRODUCTION

1. This case addresses the reckless and avoidable killing of father of three, son, and husband Lowell "Bo" Gower, Junior. Mr. Gower was killed by members of the Massillon, Ohio Police Department.

2. On March 19, 2023, after responding to a domestic dispute, Massillon police officers used excessive force on 58-year-old Bo in his front lawn, resulting in severe cervical spine injuries. At the time of the incident, Bo was handcuffed behind his back and being escorted by police officers. Bo was confused and disoriented but posed no threat to anyone.

3. Because of the officers' actions, Bo suffered acute fractures of the dorsal elements of C3 and C4 vertebrae and an acute cord contusion at C2-C4. These injuries led to post-traumatic quadriplegia. Bo never regained the ability to move his limbs and died on June 2, 2023, after months of suffering.

4. Because of the actions of the individual Defendants and as a direct result of the unconstitutional customs, policies, and/or practices of the City of Massillon, Ohio, Bo suffered pain, anguish, mental and emotional harm, and death as well as a loss of his dignity and his rights under the United States Constitution.

## JURISDICTION

5. These claims are brought under the laws of the State of Ohio; 28 U.S.C. §§1331, 1343; 42 U.S.C. § 1985; and the Fourth and Fourteenth Amendments to the United States Constitution; and this court's supplementary jurisdiction powers. This Matter is also brought under 42 U.S.C. §§ 1983 and 1988, as it is also an action for compensatory damages, punitive damages, and attorney fees.

6. Venue is proper as Defendants reside in and/or conduct business in Stark County, Ohio.

7. This Court has personal jurisdiction over the Defendants, who reside in and/or conduct business in Stark County, Ohio.

## THE PARTIES

8. Plaintiff Angela Gower is the surviving spouse of Lowell E. Gower Jr. and the duly appointed administrator of his estate. She sues individually and on behalf of the Estate of Lowell E. Gower Jr.

9. Plaintiffs Joshua Gower, Sarah Morrison, Wendi Harlan are the surviving children of Lowell E. Gower Jr.

10. Plaintiff Shirley Nastoff is the surviving mother of Lowell E. Gower Jr.

11. Defendant City of Massillon, Ohio ("Massillon") is a municipal corporation under Article XVIII of the Ohio Constitution and a "person" subject to suit within the meaning of 42 U.S.C. § 1983. Massillon controls, operates, and supervises the Massillon Police Department.

12. Defendant Jason Saintenoy is and was, at all times relevant, the Chief of Police for the Massillon Police Department, responsible for the training, supervision, and conduct of Massillon police officers.

13. Defendants John Doe Officers 1, 2, 3, 4, and 5 (the "John Doe Officers") are and were, at all times relevant, police officers employed by Massillon acting under color of law and in the course and scope and furtherance of their employment with Massillon. These Defendants are "persons" under 42 U.S.C. § 1983.

14. Defendant John Doe Supervisor is and was, at all times relevant, a police supervisor employed by Massillon and was acting under color of law and in the course and scope and

furtherance of their employment with Massillon. This Defendant is a "person" under 42 U.S.C. § 1983.

## FACTS

15. On March 19, 2023, at about 7:49 PM, Massillon police officers, including some or all of the John Doe Officers, responded to a call at the residence of Lowell "Bo" Gower, Jr., at 1059 10th St NE, Massillon, OH 44646.

16. At the time of the incident, Bo was 58 years old.

17. Upon arrival, the officers encountered Bo and his wife, Angela Gower, on their porch.

18. Before the officers' arrival, an altercation occurred between Bo and Angela.

19. Based on a mischaracterization of events, the officers decided to place Bo under arrest.

20. The officers handcuffed Bo behind his back.

21. While Bo was handcuffed, officers attempted to escort him to a police cruiser.

22. Throughout this process, Bo remained compliant and did not resist arrest.

23. Despite Bo's compliance, an officer violently and without justification slammed Bo onto the ground.

24. The impact caused Bo to suffer acute fractures of the dorsal elements of C3 and C4, and an acute cord contusion at C2-C4. The impact broke Bo's neck.

25. Once on the ground, Bo lost consciousness due to his severe injuries.

26. The Massillon Fire Department was called to the scene at 8:03 PM.

27. The Massillon Fire Department arrived at 8:07 PM and found Bo with agonal breathing, ashen and diaphoretic, and unresponsive except to painful stimuli.

28. The paramedics noted that Bo was bradycardic with a pulse.

29. Bo was placed on a cardiac monitor, and pacing was initiated at 80 BPM and 70mA.

30. Bo was transported to Cleveland Clinic Mercy Medical Center where he was first diagnosed with cervical spine fractures at C3 and C4 with degenerative changes at C7-T1.

31. As a direct result of being slammed to the ground during his arrest, Bo suffered acute fractures of the dorsal elements of C3 and C4, and an acute cord contusion at C2-C4, leading to post-traumatic quadriplegia.

32. Bo never regained the ability to move his limbs.

33. Bo was admitted to the hospital where he remained until he was discharged to the Select Specialty Hospital at the Cleveland Clinic Mercy Medical Center on May 7, 2023.

34. On May 26, 2023, Bo was discharged from the Select Specialty Hospital and sent to the Astoria Skilled Nursing and Rehabilitation Facility.

35. On May 27, 2023, just one day after arriving at Astoria, Bo suffered a cardiac arrest event and was transported back to Cleveland Clinic Mercy Medical Center.

36. On June 2, 2023, at 2:22 PM, about two and a half months after the initial incident, Bo was pronounced dead.

37. An autopsy was performed on June 3, 2023, by Dr. Dan A. Galita at the Cuyahoga County Medical Examiner's Office.

38. The autopsy report listed these causes of death:
    I. Anoxic and metabolic encephalopathy
    II. Ventilatory-dependent bronchopneumonia
    III. Post-traumatic quadriplegia

39. The autopsy report confirmed acute fractures of the dorsal elements of C3 and C4, and an acute cord contusion at C2-C4, consistent with the injuries sustained when Bo was slammed to the ground.

40. At all times relevant, the John Doe Officers were acting under color of law and within the course and scope of their employment with the City of Massillon.

41. The actions of the John Doe Officers in unjustifiably slamming Bo to the ground despite his compliance, was unreasonable, deliberately indifferent, reckless, willful, wanton, and shocking to the conscience, which deprived Bo of his civil rights, as secured by the Fourth and Fourteenth Amendments to the United States Constitution and through 42 U.S.C. § 1983.

42. On January 26, 2024, Plaintiffs' attorney, John T. Pfleiderer, submitted a public records request to the Massillon Police Department under Ohio Revised Code § 149.43.

43. The public records request sought various materials related to the arrest of Lowell E. Gower on March 19, 2023, including:

    a. All body-worn camera footage

    b. The full names of all responding officers

    c. All dashboard camera footage

    d. All written communications referring to or relating to the arrest

    e. All incident reports

    f. All arrest reports

    g. All use of force reports

    h. All 911 call transcripts and recordings

    i. All witness statements

    j. All internal affairs investigation materials

    k. All other photo or video evidence in possession of the Massillon Police Department

44. On February 13, 2024, Lieutenant Nicholas Antonides of the Massillon Police Department acknowledged receipt of the public records request via email.

45. Despite the comprehensive nature of the request, the City of Massillon and the Massillon Police Department provided only body camera and dashboard camera footage in response.

46. Even after follow-up from Attorney Pfleiderer, the City of Massillon and the Massillon Police Department failed to provide other responsive public records, including but not limited to written reports, communications, witness statements, and internal affairs materials.

47. This limited response to the public records request hindered Plaintiffs' ability to fully investigate the circumstances surrounding Bo's arrest and subsequent death.

48. Failing to provide all requested public records raises concerns about transparency and accountability within the Massillon Police Department regarding the events leading to Bo's death.

## FIRST CAUSE OF ACTION
Excessive Force; 42 U.S.C. § 1983

49. All paragraphs above are incorporated by reference herein as if fully rewritten.

50. The actions of the John Doe Officers constitute an excessive use of force without legal justification. The John Doe Officers used excessive force during the encounter with Lowell "Bo" Gower, Jr. on March 19, 2023. The John Doe Officers used excessive force against Bo in a way that was unreasonable and unjustified when they slammed him onto his neck while he was handcuffed and posed no threat.

51. The John Doe Officers' actions were unreasonable, deliberately indifferent, reckless, willful, wanton, and shocking to the conscience, which deprived Bo of his civil rights, as secured by the Fourth and Fourteenth Amendments to the United States Constitution and

through 42 U.S.C. § 1983. Further, the action was performed under color of law and deprived Bo of federally protected rights, violating 42 U.S.C. § 1983.

52. As a direct and proximate result of Defendants' wrongful conduct Bo suffered physical injuries, pain, suffering, emotional distress, and ultimately death.

## SECOND CAUSE OF ACTION
*Monell*; 42 U.S.C. § 1983

53. All paragraphs above are incorporated by reference herein as if fully rewritten.

54. The City of Massillon's policies, practices, customs, and usages regarding arrests, subject control, use of force, and the documentation of uses of force were and are a moving force behind the excessive force used on Bo by the John Doe Officers.

55. The City of Massillon customarily allows officers use excessive force without being held accountable or disciplined for their misconduct.

56. The City of Massillon failed to institute adequate municipal policies, procedures, customs, usages, practices, and protocols regarding use of force discipline.

57. The City of Massillon failed to institute and train supervisors and officers to hold each other accountable when excessive force is used in the field.

58. The City of Massillon did not adequately train officers and employees in the proper use of force, especially when dealing with individuals who are already restrained or who pose no immediate threat.

59. Upon information and belief, the City of Massillon has not disciplined any of the individual Defendants for the misconduct described in this Complaint despite a duty to do so.

60. The training and supervision provided by the City of Massillon to the John Doe Officers was deliberately indifferent to the rights, safety, and health of the citizens, including citizens such as Bo.

61. As a direct and proximate result of the conduct of each Defendant, Bo suffered permanent physical injury, pain, emotional distress, and ultimately death.

### THIRD CAUSE OF ACTION
Failure to Intervene

62. All paragraphs above are incorporated by reference herein as if fully rewritten.

63. The John Doe Officers who did not actively participate in slamming Bo onto his neck had the opportunity and legal duty to intervene on behalf of Bo to prevent his rights from being violated or to curtail the violation of his rights.

64. These John Doe Officers failed in this regard and are therefore liable.

65. Their actions and inactions were under the color of law and deprived Bo of federally protected rights.

66. As a direct and proximate result of the wrongful acts and omissions as set forth herein, these John Doe Officers caused Bo to suffer extreme physical pain, permanent injury, severe mental and emotional distress, and ultimately death.

### FOURTH CAUSE OF ACTION
Wrongful Death

67. All paragraphs above are incorporated by reference herein as if fully rewritten.

68. As a direct and proximate result of the Defendants' aforementioned actions, Bo suffered injuries that resulted in his death on June 2, 2023.

69. Bo is survived by his wife, Angela Gower, his children, Joshua Gower, Sarah Morrison, Wendi Harlan, and his mother, Shirley Nastoff, who have suffered damages as stated in Ohio's Wrongful Death Statute, Ohio Revised Code § 2125.02, including but not limited to:

    a. Loss of support from the reasonably expected earning capacity of the decedent;

    b. Loss of services of the decedent;

    c. Loss of the society of the decedent, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education;

    d. Loss of prospective inheritance to the decedent's heirs;

    e. Mental anguish incurred by the surviving spouse, children, parents, or other next of kin of the decedent.

### FIFTH CAUSE OF ACTION
Survival Action

70. All paragraphs above are incorporated by reference herein as if fully rewritten.

71. As a direct and proximate result of the Defendants' aforementioned actions, Bo suffered severe physical and emotional pain and suffering from the time of his injury until his death.

72. The Estate of Lowell E. Gower Jr. is entitled to recover damages for the conscious pain and suffering experienced by Bo before his death and for the medical expenses incurred.

### SIXTH CAUSE OF ACTION
Negligent Hiring, Training, Retention, and Supervision

73. All paragraphs above are incorporated by reference herein as if fully rewritten.

74. The City of Massillon and Chief Jason Saintenoy owed a duty to Bo to adequately hire, train, retain, and supervise police officers competent to perform their police duties without violating the constitutional rights of citizens.

75. The City of Massillon and Chief Jason Saintenoy knew or should have known by exercising reasonable care that the John Doe Officers who participated in the incident with Bo were incompetent to perform their duties and were inadequately trained in the use of force and constitutional requirements.

76. The City of Massillon and Chief Jason Saintenoy were negligent in hiring, training, retaining, and supervising the John Doe Officers.

77. As a direct and proximate cause of Defendants' actions, Bo suffered physical injuries, pain and suffering, and ultimately death.

**SEVENTH CAUSE OF ACTION**
Failure to Properly Respond to Public Records Request;
Ohio Revised Code § 149.43

78. All paragraphs above are incorporated by reference herein as if fully rewritten.

79. On January 26, 2024, Plaintiffs, through their attorney, submitted a public records request to the Massillon Police Department, a subsidiary entity of The City of Massillon under Ohio Revised Code § 149.43.

80. The public records request sought various materials related to the arrest of Lowell E. Gower on March 19, 2023, including but not limited to:

    a. All body-worn camera footage

    b. The full names of all responding officers

    c. All dashboard camera footage

    d. All written communications referring to or relating to the arrest

    e. All incident reports

    f. All arrest reports

    g. All use of force reports

    h. All 911 call transcripts and recordings

    i. All witness statements

    j. All internal affairs investigation materials

    k. All other photo or video evidence in possession of the Massillon Police Department

81. The City of Massillon and the Massillon Police Department had a statutory duty under Ohio Revised Code § 149.43 to promptly prepare and provide all public records responsive to this request.

82. The City of Massillon and the Massillon Police Department did not comply with this statutory duty, providing only body camera and dashboard camera footage in response to the request.

83. The City of Massillon and the Massillon Police Department improperly withheld other responsive public records, including but not limited to written reports, communications, witness statements, and internal affairs materials.

84. Failing to provide these public records hampers the Plaintiffs' ability to fully investigate and litigate their claims related to Bo's death and violates Ohio's public records laws.

85. This failure to properly respond to the public records request demonstrates a lack of transparency and accountability by the City of Massillon and the Massillon Police Department.

86. Because of this failure, Plaintiffs have suffered harm, including but not limited to increased costs of litigation, delays in obtaining important information, and potential prejudice to their legal claims.

87. Under Ohio Revised Code § 149.43(C), Plaintiffs have the right to a writ of mandamus to compel compliance with the public records request, statutory damages, and recovery of costs and attorney's fees associated with this claim.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

A. Award compensatory damages to Plaintiffs and against these Defendants in an amount to be determined at trial, but in excess of $75,000.00, jointly and severally;

B. Award punitive damages against the individual Defendants in an amount to be determined at trial;

C. Award Plaintiffs their costs, including reasonable attorneys' fees under 42 U.S.C. § 1988;

D. Award pre-judgment and post-judgment interest at the highest lawful rate;

E. Issue a writ of mandamus compelling the City of Massillon and the Massillon Police Department to comply with the public records request submitted on January 26, 2024;

F. Award statutory damages for failing to comply with Ohio's public records law;

G. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

*John T. Pfleiderer*
Warner D. Mendenhall   (0070165)
Brian C. Unger              (0096884)
John T. Pfleiderer         (0100195)
MENDENHALL LAW GROUP
190 N. Union Street, Suite 201
Akron, OH 44304
Telephone:    (330) 535-9160
Fax:               (330) 762-9743
Email:  warner@warnermendenhall.com
            brian@warnermendenhall.com
            john@warnermendenhall.com
*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

*/s/ John T. Pfleiderer*
John T. Pfleiderer
*Attorney for Plaintiffs*